IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:21-cv-376

| | |
|---|---|
| Hawkins, Jr., Curtis ) <br> Hawkins, Mildred, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> AMAZON.COM, INC., ) <br>  ) <br> Defendants. ) | **COMPLAINT** <br> (JURY TRIAL DEMANDED) |

Plaintiffs, Curtis Hawkins, Jr. and Mildred Hawkins, respectfully assert their cause of action against the defendant Amazon.Com, Inc., and allege as follows:

## THE PARTIES

1. Plaintiff Curtis B. Hawkins Jr. ("Mr. Hawkins") at all relevant times herein is a natural person and citizen and resident of North Carolina, who at all times relevant to the allegations contained herein resided in a correctional facility in New Jersey.

2. Plaintiff Mildred Hawkins ("Ms. Hawkins") at all relevant times herein is a natural person and citizen and resident of North Carolina, who at all times relevant to the allegations contained herein resides at 208 Bush Ct., Roanoke Rapids, NC 27870

3. Defendant CreateSpace, Inc. ("CreateSpace") was a company organized and existing under the laws of South Carolina. At all times relevant to the allegations contained

herein, CreateSpace was engaged in the business of selling and distributing books in the state of North Carolina. CreateSpace was acquired by Amazon.Com, Inc. in 2005.

4. Defendant Amazon.Com, Inc. ("Amazon") is a company organized and existing under the laws of the State of Washington, with its principal place of business located in Seattle Washington. At all times relevant to the allegations contained herein, Amazon was engaged in the business of selling and distributing books in the State of North Carolina. Amazon can be served with process by serving its registered agent at Corporation Service Company, 300 Deschutes Way SW Suite 304, Tumwater, WA 98501.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

6. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

7. This Court has personal jurisdiction over Defendants, and venue in this District is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants resides in this district, and Defendants are subject to personal jurisdiction in this district.

8. The Court has jurisdiction pursuant to 28 U.S.C § 1331, because the matter in controversy arises under Copyright Law of the United States.

2

9.      Venue is appropriate in the United State District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1391, in that the defendant is a corporation that has sufficient contacts within the state of North Carolina that it would be subject to personal jurisdiction.

**FACTUAL ALLEGATIONS**

10.     Mr. Curtis B. Hawkins Jr. ("Mr. Hawkins") is the author of a book titled *Gangbanging Backwards* ("The Book") with U.S. Copyright Registration No. TXu001768162.

11.     On or about September 2017, it came to the attention of Mr. Hawkins that CreateSpace in conjunction with Amazon was offering to sell the book on its web portal without the permission of Mr. Hawkins.

12.     On September 5, 2017, Ms. Mildred Hawkins ("Ms. Hawkins") purchased The Book via Amazon's web portal to verify that the book being advertised was the copyrighted book owned by Mr. Hawkins.

13.     Beginning October, 2017, Ms. Hawkins contacted CreateSpace representatives via phone and emails attempting to have the book taken down from the website by providing take down notices. The following case numbers were generated by CreateSpace during her unsuccessful attempts:

   a)    Case Number: 5217137401

   b)    Case Number: 07675829

14.     Ms. Hawkins made several attempts to have the book taken down from Amazon's website where she provided to CreateSpace the U.S. Copyright Registration

3

Case 1:21-cv-00376   Document 1   Filed 05/13/21   Page 3 of 7

Number and Power of Attorney Documents signed by Mr. Hawkins authorizing Ms. Hawkins to act on behalf of Mr. Hawkins in this matter, in addition to the following information:

　　a)　A statement that Ms. Hawkins is acting as an authorized representative of the owner who has the exclusive right claimed to be infringed.

　　b)　A statement, under penalty of perjury, that the information in the notification is accurate.

　　c)　The identification of the copyright worked claimed to be infringed.

　　d)　The Identification of the infringing material with sufficient information to assist alleged infringer in locating and reviewing the material.

　　e)　Contact information, including address, telephone number, and email address.

　　f)　A statement that the use of the material is not authorized by the copyright owner, its agent, or the law.

　　g)　Her signature.

15.　For over one year, Ms. Hawkins attempted to get CreateSpace take down the book from their sales portal and to provide the information of the person who was selling Mr. Hawkins' book along with the number of sales of the book. During one phone conversation with a representative from CreateSpace, Ms. Hawkins was told from the representative that the book had a rating of 5 - stars from customer sales reviews, but would not provide any information concerning the seller or the number of sales.

16.　During this period of time that Ms. Hawkins attempted to have the book taken down from the web portal, she suffered extended periods of time on hold, hang-ups from the CreatSpace employees, and non-responses to messages left with employees from whom she had been previously seeking assistance.

## COUNT 1 – COPYRIGHT INFRINGEMENT

### (Plaintiffs v. Amazon)

17. Plaintiffs reallege Paragraphs 1 through 16 and incorporate the same herein by reference.

18. Defendant Amazon through its subsidiary, CreateSpace is the seller of The Book

19. Under United States Copyright Law, the copyright owner of an copyright has the exclusive rights to reproduce, distribute, display or prepare derivative works based upon the copyright. 17 USC §§106 & 501. Any reproduction, distribution, or display of a copyrighted work without authorization from the copyright holder constitutes infringement.

20. Removal of the infringed works does not relieve you from liability for damages arising from your past infringements.

21. The Plaintiffs have no evidence of ever licensing CreateSpace or Amazon for the sale of the book in any way, shape or form.

22. Defendants, without the permission or consent of Mr. Hawkins or Ms. Hawkins or anyone having authority to grant permission or consent, copied or authorized the copying and posting of, and used, the Copyrighted Book on CreateSpace's commercial website, www.createspace.com. In doing so, Defendants violated Mr. Hawking's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Mr. Hawking's copyright and exclusive rights under copyright.

23. Defendants used The Book, which they did not create, when they knew or should have known that it was not their own, knew or should have known that they had neither

sought nor received permission for use, and knew or should have known that their use infringed the rights of the copyright owner.

24.     Ms. Hawkins is informed and believes that Defendants' actions in infringing the rights of Ms. Hawkins were conducted with actual knowledge, willful blindness, and/or recklessness, and that Defendants' act of infringement was willful and intentional, in disregard of and with indifference to the rights of Ms. Hawkins.

25.     As a result of Defendants' infringement of Ms. Hawkins copyright and exclusive rights under copyright, Ms. Hawkins is entitled to actual or statutory damages, including any profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504, for Defendants' infringement of Copyrighted Photograph.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     Finding that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B.     Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Book without consent, and from otherwise infringing Plaintiff's copyrights or other rights in the Copyrighted Book in any manner;

C.     Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright, and for all such

damages, and, since Defendants intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D.     Awarding Plaintiff actual or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E.     Awarding Plaintiff its costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F.     Awarding Plaintiff such other and further relief as is just and proper.

WHEREFORE, plaintiff seeks relief as follows:

1.     Judgement in excess of $75,000 according to the proof at trial along with reasonable attorney's fees as permitted by law;

2.     Trial by jury; and

3.     Any and all other relief to which Plaintiffs may be entitled

This 13th day of May, 2021

THE LAW OFFICE OF EDDIE M. HOLDER, PLLC

/s/ Eddie M. Holder
Eddie M. Holder, Esquire
NC Bar No.: 46121
3172 Stone Forest Drive
Winston-Salem, North Carolina 27105
Phone: 336-399-5450
Email: eddie.holder@eddieholderlaw.com
*Counsel for Plaintiffs*